UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.: 6:13-cv-180-Orl-18TBS

GIAN V. CORBIN, individually
and on behalf of all those similarly
situated,

Plaintiff,

vs.

AFFILIATED COMPUTER SERVICES,
INC.; XEROX BUSINESS SERVICES,
LLC.; XEROX CORPORATION,

Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GIAN V. CORBIN, individually and on behalf of all other similarly situated employees (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, sues the Defendants, AFFILIATED COMPUTER SERVICES, INC., XEROX BUSINESS SERVICES, LLC., and XEROX CORPORATION (hereinafter referred to as "Defendants"), for relief under the Fair Labor Standards Act, and states as follows:

### I. INTRODUCTION

1. This is a collective action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

2. The Plaintiff brings this action on behalf of himself as well as other similarly situated employees within the State of Florida who performed data service support and analysis for the Defendants for the preceding three years. The Defendants typically referred to these employees as "Data Support Analyst."

3. Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents employees, servants, joint ventures directors, fiduciaries, representatives, and/or conspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all timers material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

4. The Plaintiff will seek conditional certification and notice to an opt-in class of "Data Support Analyst" pursuant to FLSA, 29 U.S.C. Section 216(b), who performed work for the Defendants in the State of Florida during the three-year period preceding the date this Complaint was filed.

5. As a matter of fact and law, Plaintiff and other "Data Support Analyst" similarly situated to him are/were employees of the Defendants. Due to Defendants failure to pay its employees under the FLSA the "Data Support Analyst" have been deprived of overtime compensation.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 201.

7. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Osceola County in the Orlando Division of the Middle District of Florida.

### III. PARTIES

8. The named Plaintiff was employed by Defendants as a "Data Support Analyst" from approximately November 2011 to November 2012, at their businesses located in Celebration, Florida.

9. Plaintiff was an employee of Defendants within the meaning of the FLSA.

10. The Defendant, AFFILIATED COMPUTER SERVICES, INC. ("ACS"), is a Delaware Corporation

11. The Defendant, XEROX BUSINESS SERVICES, LLC., is a Delaware Corporation that is licensed to do business in Florida.

12. The Defendant, XEROX CORPORATION, is a New York Corporation that is licensed to do business in the State of Florida.

13. The Defendants provide business process services ("BP") and information technology services ("IT") to variety of industries and the public sector. (*see* http://wwww/acs-inc.com). The "Data Support Analysts" helped Defendants provide their BP and IT outsourcing services.

14. Defendants maintain a location in Celebration, Florida where "Data Support Analysts" provided BP and IT services. Defendants are "employers" as defined by 29 U.S.C. Section 203(d). The Defendant has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed.

15. The Defendants are covered employers within the meaning of the FLSA, and employed Plaintiff and other similarly situated "Data Support Analysts" Celebration, Florida, to perform work.

16. Plaintiff was an employee of Defendants and at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce. *See* 29 U.S.C. § 207(a)(1).

17. Defendants employ two or more persons, including Plaintiff, that are engaged in commerce or in the production of goods for commerce, and have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person. *See* 29 U.S.C. § 203(s)(1)(A)(i).

18. Plaintiff reasonably believes that during his employment, Defendants are enterprises that have a annual gross volume of sales made or business done that is not less than $500,000. See 29 U.S.C. § 203(s)(1)(A)(ii).

19. Plaintiff has retained LaBar & Adams, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

IV. **FACTUAL ALLEGATIONS**

20. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 19, above.

21. The Defendants provide business processing services and informational technology services to variety industries and the public sector. The Defendants hired Plaintiff as a "Data Support Analyst" to provide business processing services and informational technology services to their customers.

22. The named Plaintiff was paid $23.07 per hour to be paid bi-weekly.

## V.    COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 23, above.

24. The named Plaintiff brings this action on behalf of himself and on behalf of a class of persons similarly situated. Specifically, he brings his claims under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional certification under 29 U.S.C. Section 216(b), and to order notices to potential opt-in individuals who worked for the Defendants as "Data Support Analyst" in Florida.

25. Defendants hired numerous "Data Support Analyst" similarly situated to Plaintiff who performed the same work for Defendants and were subjected to the same pay practices as Plaintiff.

26. The "Data Support Analyst" hired by Defendants were, like Plaintiff, denied overtime compensation required by the FLSA.

27. Defendants had a common policy, pattern, and practice of not paying "Data Support Analyst" for all the overtime that they worked even though the Defendants knew or should have known the "Data Support Analyst" were working the additional unpaid overtime.

28. Defendant's unlawful compensation policies, patterns and practices are in willful disregard of the rights of Plaintiff and other similarly situated product technicians.

## COUNT I
## VIOLATION OF THE
## FAIR LABOR STANDARDS ACT

29. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 28, above.

30. Throughout the employment of Plaintiff and all other similarly situated "Data Support Analyst," the Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and all other similarly situated, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

31. Specifically, Plaintiff and all other similarly-situated "Data Support Analyst," worked numerous weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

32. Defendants failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

33. Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendants, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues contained herein this Complaint.

Respectfully submitted,

Dated: 1/31/13

_____
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
1527 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)