UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIAN V. CORBIN, individually and on
behalf of all those similarly situated,

     Plaintiff,

v.                         Case No.  6:13-cv-180-Orl-18TBS

AFFILIATED COMPUTER SERVICES,
INC., XEROX BUSINESS SERVICES,
LLC, XEROX CORPORATION,

     Defendants.

_____

## ORDER

     This case comes before the Court on Defendant's Motion for Protective Order and Temporary Stay.  (Doc. 39.)

     Plaintiff Gian V. Corbin brings this action individually and on behalf of all similarly situated persons, alleging that Defendant Xerox Business Services, LLC, formerly known as Affiliated Computer Services, Inc. failed to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. (Doc. 1.)[1]  Defendant motioned the Court to dismiss Plaintiff's claims or in the alternative, stay this case and compel arbitration.  (Doc. 19.)  The District Judge referred the motion to me for a report and recommendations which I submitted on April 15, 2013.  (Docs. 20, 28.)  In my report, I recommended that the District Judge grant Defendant's motion to compel arbitration and stay this case pending the outcome of the arbitration.  (Doc. 28.)  The parties' arbitration agreement, which I

_____

[1]Plaintiff's claims against Defendant Xerox Corporation were dismissed without prejudice on May 29, 2013.  (Doc. 36.)

recommended the District Judge enforce, includes a waiver of Plaintiff's right to bring a collective action.  (Doc. 19-1.)  Plaintiff objected to my report and recommendations and the parties are currently awaiting a ruling on those objections.  (Doc. 29.)

The deadline for the completion of discovery in this case is December 2, 2013.  (Doc. 37, p. 2.)  On May 30, 2013, Plaintiff served interrogatories and on June 14, 2013, Plaintiff propounded his first request for the production of documents to Defendant.  (Doc. 39-1.)  Defendant seeks a temporary stay of all discovery for 45 days or pending a ruling on Plaintiff's objections to the report and recommendation.[2]

Defendant's first ground for a stay is that the burden of answering the interrogatories and requests to produce outweighs Plaintiff's need to engage in discovery at this time.  Defendant argues this is especially true given the likelihood that the Court will overrule Plaintiff's objections to the report and recommendation, and send the parties to arbitration.  (Doc. 39, p. 3-4.)  In Simpson v. Speciality Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988), the Court explained:

> A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.  Petrus v. Bowen, 833 F.2d 581 (5th Cir.1987). See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)–(discovery may be stayed to determine the dispositive issue of immunity of government officials).  Motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., and

---

[2]Xerox also sought a stay of the Court's Order requiring the parties to select a mediator. After the motion was filed, the parties stipulated to a mediator and a deadline for the mediation.   (Doc. 43).  Based upon this activity, it appears that the relief Xerox was seeking regarding mediation is no longer an issue.

the moving party bears the burden of showing good cause and reasonableness. Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y.1985). Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C.1988). As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case. Lugo v. Alvarado, 819 F.2d 5 (1st Cir.1987). Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion. Wilderness Soc. v. Griles, 824 F.2d 4 (D.C.Cir.1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir.1985).

In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Defendant's motion to send this case to arbitration will determine the forum in which the controversy is litigated, but it is not case dispositive except to the extent the District Judge's decision effects Plaintiff's ability to bring a class action. Should the District Judge find that Plaintiff has in fact waived his right to prosecute a collective action, that will impact the Plaintiff's class action discovery. But, regardless of which forum the case is decided in, Plaintiff is expected to propound all the same discovery relating to his individual claims. The best Defendant can hope for is that discovery will be limited to Plaintiff's individual claims against it. Thus, Defendant has not demonstrated good cause to stay Plaintiff's individual discovery. And, if the District Judge sustains Plaintiff's objections to the report and

-3-

recommendations, then a stay of discovery now may lead to scheduling issues in the future.

Defendant's next argument is that its participation in discovery could be construed as a waiver of its demand for arbitration.  (Doc. 39, p. 4-5.)  As authority for its position, Defendant cites S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th cir. 1990), where the court said:

> We have held that, despite the strong policy in favor of arbitration, see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22-23, 103 S.Ct. 927, 940-41, 74 L.Ed.2d 765 (1983), a party may, by its conduct, waive its right to arbitration.  See E.C. Ernst, Inc. v. Manhattan Constr. Co., 559 F.2d 268, 269 (5th Cir.1977).  Thus, a party that "[s]ubstantially invok[es] the litigation machinery" prior to demanding arbitration may waive its right to arbitrate.  Id.  A party has waived its right to arbitrate if, "under the totality of the circumstances, the ... party has acted inconsistently with the arbitration right, National Found. for Cancer Research v. A.G. Edwards & Sons, 821 F.2d 772, 774 (D.C.Cir.1987), and, in so acting, has in some way prejudiced the other party, Miller Brewing Co. v. Fort Worth Distrib. Co., 781 F.2d 494, 497 (5th Cir.1986).  When determining whether the other party has been prejudiced, we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process.  See Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396, 399 (5th Cir.1989), cert. denied,494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990).

Plaintiff has offered to stipulate that Defendant's participation in discovery now, will not waive its right to arbitrate if the District Judge concludes that the parties' arbitration agreement is enforceable.  (Doc. 42, p. 8.)  Ignoring Plaintiff's offered stipulation, Defendant's arguments are off base.  "A party acts inconsistently with its right to arbitrate if the party  '[s]ubstantially invoke[s] the litigation machinery before asserting its arbitration right.'" Lewallen v. Green Tree Servicing, L.L.C., 487

F.3d 1085, 1090 (8th Cir. 2007) (quoting Ritzel Commc'ns v. Mid-Am. Cellular Tel. Co., 989 F.2d 966, 969 (8th Cir. 1993) (alteration in original). Defendant did not initiate this lawsuit and its first substantive response to Plaintiff's complaint was a motion to stay and compel arbitration. Here, Defendant will not waive its right to compel arbitration by fulfilling its responsibilities under the Federal Rules of Civil Procedure by answering Plaintiff's discovery requests. Nor would it be inconsistent of Defendant to propound discovery now, so as to complete its work prior to the discovery deadline, while awaiting a decision on its objections to the report and recommendations.

Defendant urges that a stay is in the best interests of judicial economy. (Doc. 39, p. 5-8.) It reasons that because Plaintiff's discovery seeks information that is broader than his individual claims, and the report and recommendations includes a finding that Plaintiff has waived his right to bring class action claims, awaiting a decision by the District Judge may significantly reduce the overall costs of discovery. On this point the Court agrees with Defendant. Balancing the likelihood that the District Judge will overrule Plaintiff's objections to the report and recommendations against the costs and burdens of class action discovery leads the Court to conclude that a brief stay of the class action discovery is reasonable under the circumstances.

Defendant argues that if this case is sent to arbitration, that will result in a new scheduling order and discovery parameters. Assuming Defendant is correct, this does not constitute good cause to stay discovery. And, regardless of the forum,

the sooner discovery commences, the sooner it will be completed.

Finally, granting a stay of all discovery will likely prejudice Plaintiff.  The parties currently have less than six months to complete discovery.  Permitting Plaintiff to discover his individual claims now should lessen the amount of discovery to be completed once the District Judge rules, particularly if the District Judge sustains the objections to the report and recommendations.

For these reasons, Defendant's Motion for Protective Order and Temporary Stay (Doc. 39), is GRANTED in part and DENIED in part.  Defendant shall comply with Plaintiff's discovery requests that relate to his individual claim.  Class action discovery is stayed until the earlier of the District Judge's decision on Plaintiff's objections to the report and recommendations or July 29, 2013.

DONE AND ORDERED in Chambers in Orlando, Florida, on July 1, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to Counsel of Record